## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
                                                    )
JAMES M. RYNERSON                                   )         CASE NO.  04-10605(1)(11)
                                                    )
                               Debtor               )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Convert Case to Chapter 7 Proceeding or, in the Alternative to Dismiss Chapter 11 Case of T. J. Samson Community Hospital ("Hospital"). The Court considered the Hospital's Motion, the Objection to the Motion by Debtor James M. Rynerson ("Debtor"), the comments of counsel at the hearing held May 25, 2006 and the Supplemental Briefs filed by the parties.  For the following reasons, the Court denies the Hospital's Motion.

## FACTS

Debtor filed his Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code on April 12, 2004.  The Debtor's Amended Plan of Reorganization was filed on May 4, 2005.  The Plan was modified by an Agreed Motion.  The Order granting the Agreed Motion was entered by the Court on August 30, 2005.  The Hospital was a party to the Agreed Motion and an Order confirming the Plan was entered on September 12, 2005.

On April 7, 2006, the Hospital filed a Motion to Reopen Chapter 11 case and the instant motion to convert the case or in the alternative to dismiss the case.  The Hospital contends that Debtor did not comply with the Plan on payments to unsecured creditors, on liquidation of estate assets and that Debtor failed to disclose assets in the case.

Debtor filed his written objection to the Hospital's Motion on May 18, 2006. Debtor disputes the Hospital's contentions regarding any defaults under the Plan. Debtor admitted that he received a distributive share from his father's estate and that he inadvertently failed to disclose this fact. Debtor also contends that payments to the unsecured creditors were not due at the time the Hospital filed its motion.

## **LEGAL ANALYSIS**

The Court does not find conversion or dismissal of this case is warranted. Conversion or dismissal is only permitted where it is in the best interests of the creditors of the estate and cause is established. See 11 U.S.C. §1112(b)(1). Those grounds are not met in this case.

The Hospital and other creditors will not be in any better position should this case be converted or dismissed. Debtor correctly notes that in all likelihood creditors would be greatly prejudiced by dismissal or conversion because additional creditors would be included in a subsequent filing. This would require a different division of assets with smaller recoveries for the current creditors.

It is also clear that conversion or dismissal would not allow the Hospital to relitigate claims already determined in this case. Confirmation of the Plan is a final judgment that is entitled to *res judicata* effect. In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 462 (6th Cir. 1991). The Hospital is barred from raising arguments and claims that could or should have been raised during the confirmation process. The Hospital acknowledged this principle by withdrawing its objection based on Debtor's failure to disclose assets.

The Order of Confirmation had the dual effect of discharging the creditor's pre-confirmation debt and replacing it with the claims set forth in the Plan. In re Troutman Enterprise, 253 B.R. 8,

11 (B.A.P. 6th Cir. 2000).  The Plan is a new binding contract between the reorganized Debtor and the creditors.  In re Xofox Indus. Ltd., 241 B.R. 541, 542 (Bankr. E.D. Mich. 1999).  This means that the creditor may enforce the Plan terms in any court of competent jurisdiction.  Id. ("Therefore [u]nless the matter at issue is within the exclusive jurisdiction of the Bankruptcy Court, the mere reservation of jurisdiction in the case by the Bankruptcy Court post-confirmation does not foreclose the right of a party to seek his remedy upon default under the plan in a state court having jurisdiction over the subject matter of the dispute. . . and no relief need be obtained from the Bankruptcy Court prior to the commencement of the state court action.")

The Hospital, again, acknowledges these basic legal principles.  However, it contends that these principles do not prevent this Court from exercising jurisdiction over its claim.  The Court agrees that these principles do not prevent it from exercising jurisdiction over these claims.  However, a state court with concurrent jurisdiction is the more appropriate forum to hear the Hospital's claims.

The hospital contends this case should be dismissed or converted due to Debtor's material default and failure to effectuate substantial consummation of the Plan.  The Court notes that the Hospital's Motion was filed before any payments were due.  Debtor contends that since the filing of the motion, payments have been made as they became due.  The Court does not find that a material default has occurred.

The creditors may seek dismissal or conversion in the event of (1) inability to effect substantial consummation of the Plan; (2) material default or (3) termination of a plan pursuant to a condition provided for in it.  11 U.S.C. §1112(4)(m), (n) and (o).  The Court does not find any of these conditions present in the case at bar.  Payments have been made to creditors under the Plan

in accordance with its terms.  The Court finds that substantial consummation has occurred.  There

has been no material default nor has there been termination of the Plan pursuant to a condition in

the Plan.  Therefore, the Hospital's request for conversion or dismissal of this case must be denied.

The Court also agrees with Debtor that the Hospital's allegations amount to a simple breach

of contract claim.  Such claims can be effectively resolved by a state court, which has concurrent

jurisdiction with this court over such claims.  This is the appropriate avenue for resolution of the

Hospital's claims.  Accordingly, the Hospital's request for conversion or dismissal of this case is

denied.

## CONCLUSION

For all of the above reasons, the Motion to Convert Case to Chapter 7 or in the Alternative

to Dismiss Chapter 11 Case of T. J. Samson Community Hospital is **DENIED**.  An Order

incorporating the findings herein accompanies this Memorandum-Opinion.

### UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                       )
                                             )
JAMES M. RYNERSON               )          CASE NO.  04-10605(1)(11)
                                             )
                          Debtor          )

### ORDER

Pursuant to the Memorandum-Opinion incorporated herein by reference and entered this

date,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Convert

Case to Chapter 7 or in the Alternative to Dismiss Chapter 11 Case of T. J. Samson Community

Hospital, be and hereby is, **DENIED**.